UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WAYNE GILMORE,　　　　　　　　　)
an individual,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　　CAUSE NO.:  3:18-cv-89-CWR-FKB
　　　　　Plaintiff,　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
RIDGEWOOD JACKSON MS LLC,　　 )
a Delaware Limited Liability Company,　)
　　　　　　　　　　　　　　　　　　 )
　　　　　Defendant.　　　　　　　　 )
_____ )

## COMPLAINT

Plaintiff, WAYNE GILMORE ("Mr. Gilmore" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues RIDGEWOOD JACKSON MS LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to 42 U.S.C. § 12181 *et seq.* and alleges:

## JURISDICTION AND PARTIES

1.　　This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.　　Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Preamble of the Local Uniform Civil Rules ("L.U.Civ.R.")

3.　　Plaintiff, Mr. Gilmore is a resident of the State of Louisiana in St. John the Baptist Parish. Mr. Gilmore regularly travels to the Jackson and Vicksburg areas, as well as

1

numerous other parts of Mississippi, to visit family and friends, watch college football games and to shop and eat at local establishments.

4. Mr. Gilmore is paralyzed from the waist down. Mr. Gilmore is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing and requires a wheelchair for mobility.

6. Defendant, Ridgewood Jackson MS, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "Ridgewood"), is registered to do business in the State of Mississippi. Upon information and belief, Ridgewood is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: Ridgewood Court Shopping Center, generally located at, 6370-6392 Ridgewood Court Drive, Jackson, Mississippi 39211 ("the Property") in Hinds County. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Mississippi.

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The Property, known as Ridgewood Court Shopping Center, is open to the public and provides goods and services to the public.

10. Mr. Gilmore recently visited the Property in November 2017, and attempted to utilize the goods and services offered to patrons.

11. While at the Property, Mr. Gilmore encountered serious difficulty accessing the goods and utilizing its services due to the architectural barriers discussed below.

12. Mr. Gilmore desires to visit the Property, but fears that he will again encounter discrimination due to the barriers discussed herein which still exist.

13. Mr. Gilmore plans to and will visit the Property during his next planned trip to the area during the 2018 college football season when he expects to visit with friends and family and watch college football games. However, but for the barriers to access at the Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which Plaintiff personally observed and which hindered his access:

   A. Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive slopes, steep side flares, pavement in disrepair and a lack of level landings. Additionally, some curb ramps are located directly in front of parking spaces where they can be blocked by parked vehicles, such as near The Skybox Bar.

   B. Plaintiff encountered inaccessible sidewalk routes between tenant entrances near Dollar Tree, Bed Bath & Beyond and T.J. Maxx due to running slopes exceeding 1:20 and lacking handrails or level landings.

        C.      Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property, such as near The Skybox Bar, due to inadequately narrow dimensions or, in some instances, failure to provide any adjacent access aisles.

        D.      Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to improper placement of signage to the side of disabled spaces instead of at the center, and in some instances, a lack of any signage to identify the spaces as exclusively for disabled use.

        E.      Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to excessive slopes and pavement in disrepair.

        F.      Plaintiff encountered an inaccessible entrance to tenant Marshall's due to a failure to provide a level landing at the exterior of the doorway.

15.    Upon information and belief, there are other current violations of the ADA and Americans with Disabilities Accessibility Guidelines at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The removal of these barriers is readily achievable.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19. Removal of the barriers to access would allow Plaintiff to fully utilize the goods and services located at the Property.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.	That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and,

E.	That the Court awards such other and further relief as it deems necessary, just and proper.

>	Respectfully Submitted,
>
>	/s/  *John W. Kitchens*
>	John W. Kitchens (MSB # 101137)
>	Kitchens Law Firm, P.A.
>	Post Office Box 799
>	205 West Railroad Avenue South
>	Crystal Springs, MS 39059
>	Telephone: (601) 892-3067
>	Facsimile: (601) 892-3057
>	Email:jkitchens@kitchenslaw.net
>	*Attorney for Plaintiff, Wayne Gilmore*